IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRACY HORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17-cv-1174 (LMB/TCB) |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on June 19, 2018 [Dkt. No. 19], which recommended that plaintiff's Motion for Summary Judgment [Dkt. No. 10] be granted in part, that defendant's Motion for Summary Judgment [Dkt. No. 13] be denied, and that the final decision of defendant be vacated and this action remanded for further proceedings. See Report at 24. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived "appellate review of any judgment based on it." Id. at 26. As of July 4, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's and defendant's summary judgment motions, and the case file and adopts the Report in full.

In this civil action brought under 42 U.S.C. § 405(g), plaintiff seeks judicial review of defendant's final decision denying plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. See id. at 1. Plaintiff's applications claim that she is disabled because of a variety of conditions, including "a herniated disc, degenerative disc disease, a back injury, arthritis, endometriosis, cervicalgia, depression, post-traumatic stress disorder, seasonal [a]ffective disorder, a knee injury to the left knee, an injury to

the left pinky finger, and blurred vision." Id. at 2. Plaintiff's claims were originally denied on February 6, 2014 and were denied on reconsideration on July 17, 2014. Id. After this second denial, plaintiff filed a request for a hearing in front of an administrative law judge ("ALJ"), which hearing occurred on July 20, 2016. Id. The ALJ denied plaintiff's applications on August 25, 2016, and on August 17, 2017, the Appeals Council for the Office of Disability Adjudication and Review denied plaintiff's request for review of the ALJ's decision, which makes the ALJ's decision the final decision of defendant. Id. The present civil action followed.

As the magistrate judge appropriately explained, this Court's review of defendant's final decision "is limited to determining whether the ALJ's decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence." Id. at 2-3. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 3 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Court finds that the magistrate judge correctly determined that even under this deferential standard, the ALJ's decision must be vacated and this action remanded for further proceedings because the ALJ failed to appropriately explain how she evaluated the reports produced by Dr. William Carter, plaintiff's treating physician. Id. at 10-16. Specifically, Dr. Carter's January 2016 report explicitly states that plaintiff can only participate in employment and training activities for twenty hours per week; however, when determining plaintiff's residual functional capacity, the ALJ did not address this limitation. Id. at 12. Moreover, although the ALJ assigned some portions of Dr. Carter's reports "great weight" and "rejected" other portions of his reports, the ALJ never clearly explained whether she intended to accept or reject this twenty-hour-per-week limitation. See id. at 12-16.

As the magistrate judge correctly explained, a "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," which means that the "record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Id. at 13 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)). The magistrate judge correctly concluded that the ALJ's decision fails to meet this bar by not clearly explaining what weight the ALJ assigned to Dr. Carter's opinion that plaintiff is limited to twenty hours of work per week and by not including any discussion of this limitation in her determination of plaintiff's residual functional capacity. Lastly, the magistrate judge correctly concluded that the appropriate remedy for such a failure is to remand to the agency for "reconsideration of the evidence and for clarification of the evaluation of Dr. Carter's opinions." Id. at 12-13.[1]

Accordingly, the Report is ADOPTED, plaintiff's Motion for Summary Judgment [Dkt. No. 10] is GRANTED IN PART, defendant's Motion for Summary Judgment [Dkt. No. 13] is DENIED, and it is hereby

ORDERED that the ALJ's decision be and is VACATED and this action be and is REMANDED to the Social Security Administration for further administrative proceedings consistent with the Report and this Order.

The Clerk is directed to enter judgment in this matter in plaintiff's favor pursuant to Fed. R. Civ. P. 58, close this civil action, and forward copies of this Order to counsel of record.

Entered this 5th day of July, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[1] Because this error alone requires remand for further proceedings before the agency, the Court need not specifically address plaintiff's other arguments relating to claimed errors in the ALJ's decision; however, the Court has reviewed the magistrate judge's findings on these arguments and has determined that they are correct. Accordingly, the Court adopts the Report in full.

3